# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CATHERINE DAVIS on behalf of**                            **PLAINTIFF**
**R.R.T.**

**V.**                                                                                   **NO. 4:18-CV-148-DMB-RP**

**COMMISSIONER OF SOCIAL SECURITY**                            **DEFENDANT**

## ORDER

Before the Court for consideration is United States Magistrate Judge Roy Percy's recommendation that the Commissioner of Social Security's motion to dismiss be granted. Doc. #12.

## I
## Procedural History

On July 13, 2018, Catherine Davis, on behalf of R.R.T., a minor, filed a pro se complaint challenging the Social Security Administration's denial of benefits for R.R.T.[1] Doc. #1. On November 15, 2018, the Commissioner of Social Security filed a motion to dismiss for lack of subject matter jurisdiction based on the argument that the appeal is untimely. Doc. #9. Davis did not respond to the motion. On December 10, 2018, United States Magistrate Judge Roy Percy issued a Report and Recommendation ("R&R") recommending that the motion be granted. Doc. #12. Neither party filed objections to the R&R.

## II
## Standard

Under 28 U.S.C § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination

---

[1] Under Fifth Circuit law, a non-attorney guardian may "be permitted to sustain a *pro se* action on behalf of a minor child in [social security] appeals." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000).

of those portions of the report ... to which objection is made." "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F.Supp.3d 944, 948 (S.D. Tex. 2017) (*citing United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

### III
### Analysis

In seeking dismissal, the Commissioner of Social Security argues that this Court lacks subject matter jurisdiction because Davis failed to file her appeal within the sixty-day period provided by 42 U.S.C. § 405(g) following a final determination of benefits. Doc. #10 at 2–3. Although the R&R noted that timely filing under § 405(g) is non-jurisdictional, it concluded that dismissal for lack of jurisdiction was appropriate. Doc. #12 at 2. Finding this conclusion clearly erroneous, this Court disagrees.

Section 405(g) provides, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

The sixty-day limitation period operates as a statute of limitations and is therefore non-jurisdictional. *Bowen v. City of N.Y.*, 476 U.S. 467, 479 & n.10 (1986). Accordingly, Rule 12(b)(6), rather than Rule 12(b)(1) applies to untimely social security appeals. *See Ryan v. Colvin*, No. 4:14-cv-676, 2015 WL 7734124, at *1 n.1 (E.D. Tex. Nov. 30, 2015) (Rule 12(b)(1) did not apply to motion premised on sixty-day limitation). A 12(b)(1) dismissal, therefore, is inappropriate.

Where, as here, a Rule 12(b)(1) motion addresses a non-jurisdictional grounds for dismissal, a court may construe such motion as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Bryce v. Episcopal Church*, 289 F.3d 648, 654 (10th Cir. 2002) ("The crucial element is the substance of the motion, not whether it is labeled a Rule 12(b)(1) motion rather than 12(b)(6)."). Because the substance of the Commissioner's motion—the untimeliness of this action—would be the same under Rule 12(b)(1) or Rule 12(b)(6), the Court converts the Commissioner's motion to dismiss for lack of jurisdiction to a motion to dismiss for failure to state a claim. Having reviewed the R&R and found no error in the R&R's ultimate determination that this action is untimely, the Court will adopt the finding of untimeliness and grant the converted motion to dismiss.

## IV
## Conclusion

The Report and Recommendation [12] is **ADOPTED in Part and REJECTED in Part**. The Report and Recommendation is REJECTED to the extent its recommendation for dismissal is premised on a lack of subject matter jurisdiction and is ADOPTED in all other respects. The motion to dismiss for lack of subject matter jurisdiction [9], which this Court converted to a motion to dismiss for failure to state a claim, is **GRANTED**. This action is **DISMISSED**.

**SO ORDERED**, this 12th day of February, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**